**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASSIE WATLEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COMMUNITY MEDICAL CENTER – CLOVIS, ROBERT KEITH GRAZIER, M.D., and DOES 1 through 10, inclusive,<br><br>　　　　Defendant. | CIV- F-05-0650 AWI LJO<br><br>ORDER CLOSING CASE UNDER 28 U.S.C. § 1367(c) AND IN LIGHT OF THE PARTIES'S RULE 41(a)(1)(ii) VOLUNTARY DISMISSAL OF COMMUNITY MEDICAL CENTER |

　　　　This is a state law medical malpractice case against Dr. Grazier and a 42 U.S.C. § 1395dd, a.k.a. the Emergency Medical Treatment and Active Labor Act ("EMTALA"), case against Community Medical Center ("CMC"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because of the EMTALA claim. This Court has supplemental jurisdiction over the state law malpractice claims through 28 U.S.C. § 1367.

　　　　On February 16, 2006, the parties filed a stipulation and proposed order for dismissal with prejudice as to CMC. The stipulation and proposed order also included a provision to remand the state law medical malpractice/negligence claims against Dr. Grazier to the Fresno County Superior Court. Although the stipulation for dismissal is silent as to its basis, it is made pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) because it is signed by each party who has appeared in this case.

　　　　Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(I) dismissals). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Because the parties have filed a stipulation for dismissal with prejudice under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance and are currently parties in the action, this case has terminated as to Defendant CMC. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

With respect to the stipulation to remand, a court is authorized to remand a case that has been removed from state court. See 28 U.S.C. § 1447. However, this case was not removed from state court; it was commenced in this court as an original action. See Court's Docket Document No. 1. "'Remand' means 'send back. It does not mean 'send elsewhere.'" Bloom v. Barry, 755 F.2d 356, 358 (3d Cir. 1985). "Since there was no removal from the state court there can be no remand to that court." International Carrier-Call & Television Corp. v. Radio Corp of Am., 50 F.Supp. 759 (S.D. N.Y. 1943).

The basis for this court's jurisdiction was the presence of a federal question. See Court's Docket Document No. 16 at ¶¶ 5, 6. The only federal claim, however, was against CMC, and, as explained above, CMC ceased to be a party to this action on February 16, 2006, by virtue of filing the stipulation of dismissal with prejudice. Accordingly, there is no longer a federal question in this case.

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over a claim if, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); Papadopoulos v. Modesto Police Dept., 31 F.Supp.2d 1209, 1223 (E.D. Cal. 1998). The court finds that this is a "usual case" and will decline to exercise supplemental jurisdiction over the remaining pendent state claims. 28 U.S.C. § 1367(c)(3). The state law medical malpractice claims against Dr. Grazier are therefore dismissed without prejudice to filing the same in state court. 28 U.S.C. § 1367(d); Papadopoulos, 31 F.Supp.2d at 1223.

//
//
//
//

Accordingly, IT IS HEREBY ORDERED that:

1. This case is DISMISSED without prejudice to the refiling in state court of the state law medical malpractice claims against Dr. Robert Keith Grazier; and

2. The clerk is ordered to close this case.

IT IS SO ORDERED.

Dated:     **February 22, 2006**                              **/s/ Anthony W. Ishii**
0m8i78                                                                              UNITED STATES DISTRICT JUDGE